# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | | |
|---|---|---|
| LENNON IMAGE TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  2:20-cv-00249-JRG-RSP |
| ULTA BEAUTY, INC., | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND COUNTERCLAIMS

Defendant Ulta Salon, Cosmetics & Fragrance, Inc., improperly named in the Complaint as Ulta Beauty, Inc., files its Answer and Counterclaims to Plaintiff Lennon Image Technologies, LLC's ("Plaintiff's") Complaint (D.I. 1).[1]  Unless otherwise noted, the term "Ulta," as used herein, refers to Ulta Salon, Cosmetics & Fragrance, Inc.  To the extent not explicitly admitted, all allegations of the Complaint are denied.

## PARTIES

1.      Ulta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis denies them.

2.      Admitted.

---

[1] Named Defendant Ulta Beauty, Inc. does not waive, and expressively reserves, its position that Plaintiff's claims fail against Ulta Beauty, Inc. because Ulta Beauty, Inc., the parent of Ulta Salon, Cosmetics & Fragrance, Inc., does not own or operate the accused GLAMlab App.

## JURISDICTION AND VENUE

3.      Ulta admits that the Complaint purports to assert a claim for patent infringement under the patent laws of the United States, Title 35, United States Code, but denies the viability of any such claim.

4.      Ulta admits that the Complaint purports to state a cause of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Ulta admits this Court has subject matter jurisdiction Plaintiff's claims for the purpose of this action only.

5.      Ulta denies the allegations of paragraph 5 of the Complaint.

6.      Ulta admits that it has places of business in the Eastern District of Texas and, for the purpose of this action only, that venue is proper in this District.  Ulta further admits that it has customers in this District, and that at least some of those customers purchase Ulta products in this District.  Ulta denies the remaining allegations of paragraph 6 of the Complaint, and specifically denies committing any acts of infringement in this District.

## ASSERTED PATENT

7.      Ulta admits that Exhibit 1 purports to be a copy of U.S. Patent No. 6,624,843 ("the '843 patent") titled "Customer Image Capture and Use Thereof in a Retailing System."  Ulta admits that the first page of Exhibit 1 indicates an issuance date of September 23, 2003 and a filing date of December 8, 2000.  Ulta denies the remaining allegations of paragraph 7 of the Complaint.

8.      Ulta admits that Exhibit 2 purports to be a copy Decision on Appeal from the Patent Trial and Appeal Board ("PTAB") and that the Decision is dated September 22, 2017.  Ulta further admits that Exhibit 3 purports to be a copy of an Ex Parte Reexamination Certificate dated September 26, 2018.  Ulta denies the remaining allegations of paragraph 8, including that each of the identified claims are valid or patentable.

9.      Ulta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and on that basis denies them.

10.     Ulta admits that Exhibit 1, which purports to be a copy of the '843 patent, includes the following quoted language:  "method and apparatus for capturing a person's image and using the captured image in a retailing system" at column 1, lines 13-16; "allows apparel retailers and other purveyors of such items an opportunity to virtually 'dress' the potential customer in featured merchandise as a virtual 'fitting'" at column 2, lines 12-15; and "[t]hrough manipulation of digitized images, an image of the customer in a new apparel style is displayed" at column 2, lines 18-20.  Ulta further admits that paragraph 10 of the Complaint reproduces claims 14, 17, and 18 of Exhibit 1.  Ulta denies the remaining allegations of paragraph 10 of the Complaint.

11.     Ulta denies that named Defendant Ulta Beauty, Inc. is engaged in the business of selling makeup products, but admits that Ulta sells a variety of products, including makeup.

12.      Ulta denies that named Defendant Ulta Beauty, Inc. engages in electronic commerce or operates the identified website(s), but admits that Ulta engages in electronic commerce using the website https://www.ulta.com/.

13.     Ulta denies that named Defendant Ulta Beauty, Inc.  owns, operates, and/or directs the operation of what Plaintiff has described as the "Ulta GLAMlab App," but admits that Ulta owns and operates an application that is available for download at the websites identified in paragraph 13 of the Complaint and that the application includes the GLAMlab App.  Ulta denies the remaining allegations of paragraph 13 of the Complaint.

14.      Ulta denies that named Defendant Ulta Beauty, Inc. has made or continues to make the GLAMlab App available to customers, but admits that Ulta makes the GLAMlab App available

to customers to download if the customer(s) so desire.  Ulta denies the remaining allegations of paragraph 14 of the Complaint.

15.     Ulta denies that named Defendant Ulta Beauty, Inc. provides or has provided website visitors access to the site https://www.ulta.com/, but admits Ulta provides such access, that the website contains the page https://www.ulta.com/innovation/glamlab/, and that the page provides information to website visitors on the GLAMlab App.  Ulta denies the remaining allegations of paragraph 15 of the Complaint.

16.     Ulta denies that named Defendant Ulta Beauty, Inc. allows customers to purchase its produces using the GLAMlab App, but admits that Ulta allows products to be purchased by a customer using the GLAMlab App.  Ulta denies the remaining allegation so paragraph 16 of the Complaint.

17.     Ulta incorporates by reference its responses in paragraphs 1 through 16 as if set forth fully herein.

18.     Ulta admits that the GLAMlab App, if downloaded and used by a user, permits access to the camera of the user's personal communication device (*e.g.*, a wireless telephone).  To the extent the picture in paragraph 18 of the Complaint constitutes an allegation of fact, Ulta admits that the picture in paragraph 18 purports to be a message existing on a mobile device running the GLAMlab App, but Ulta cannot verify the origin or veracity of the picture and thus denies the picture supports any allegations in the Complaint.  Ulta denies the remaining allegations contained in paragraph 18 of the Complaint.

19.     To the extent the pictures included in paragraph 19 of the Complaint constitute allegations of fact, Ulta admits the pictures on page 6 and the bottom portion of the picture on page 7 of the Complaint purport to be of items available for purchase through the GLAMlab App.  But

Ulta cannot verity the origin or the veracity of those pictures and thus denies the pictures support any allegations of the Complaint. Ulta denies the remaining allegations contained in paragraph 19 of the Complaint, including that the picture shown in paragraph 19 on page 7 contains "a composite image," a "customer image," or an "apparel style image."

20.     Ulta denies the allegations contained in paragraph 20 of the Complaint.

21.     Ulta denies the allegations contained in paragraph 21 of the Complaint.

22.     Ulta denies the allegations contained in paragraph 22 of the Complaint.

23.     To the extent the pictures included in paragraph 23 of the Complaint constitute allegations of fact, Ulta admits that the pictures purport to be from a mobile device running the GLAMlab App, but Ulta cannot verify the origin or the veracity of the pictures and thus denies that the pictures support any allegations in the Complaint.  Ulta denies the remaining allegations of paragraph 23 of the Complaint.

24.     Ulta denies the allegations contained in paragraph 24 of the Complaint.

25.     To the extent the pictures included in paragraph 25 of the Complaint constitute allegations of face, Ulta admits that the pictures purport to be from a mobile device running the GLAMlab App, but Ulta cannot verity the origin or the veracity of the pictures and thus denies that the pictures support any allegations in the Complaint.  Ulta denies the remaining allegations of paragraph 25 of the Complaint, including that the pictures contain "a composite image," a "customer image," or an "apparel style image."

26.     Ulta admits that paragraph 26 purports to reproduce a portion of a third-party website that purports to report on certain acquisition activities by Ulta, but Ulta denies the third-party website's characterizations of those acquisitions.  Ulta denies the remaining allegations of paragraph 26 of the Complaint.

27.     Ulta denies the allegations contained in paragraph 27 of the Complaint.

28.     Ulta denies the allegations contained in paragraph 28 of the Complaint.

29.     Ulta admits that Exhibit 4 of the Complaint purports to chart the accused GLAMlab App against certain claims of the '843 patent.  Ulta denies the remaining allegations contained in paragraph 29 of the Complaint, and specifically denies committing any acts of infringement.

30.     Ulta denies the allegations of paragraph 30 of the Complaint, and specifically denies committing any acts of infringement, that Ulta has in any way harmed Plaintiff, and that Plaintiff is entitled to any monetary or other recovery.

31.     Ulta denies the allegations of paragraph 31 of the Complaint, and specifically denies committing any acts of infringement.

## DEMAND FOR JURY TRIAL

**ANSWER:**  Ulta admits Plaintiff requested a jury trial on all issues so triable.

## PRAYER FOR RELIEF

With respect to the relief sought in Plaintiff's Prayer, Defendant denies that Plaintiff is entitled to any such relief or that it has met any of the conditions precedent for such relief.

**ANSWER:**  Ulta denies that Plaintiff is entitled to any of the relief requested in its "Prayer for Relief," or to any relief whatsoever from Ulta.


## AFFIRMATIVE AND OTHER DEFENSES

Ulta incorporates herein by reference paragraphs 1-31 above and the allegations of Counterclaim Paragraphs 1-31 below for the purposes of each affirmative defense.  Without any admission ass to the burden of proof and expressly reserving its rights to assert additional

affirmative defenses or counterclaims that discovery may reveal, Ulta states the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE – Non-Infringement

Ulta has not and currently does not infringe, either directly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '843 patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE - Invalidity

The claims of the '843 patent are invalid for failure to comply with one or more requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE – Failure to State a Claim

Plaintiff's Complaint fails to state any claim against Ulta upon which relief can be granted, including but not limited to, failure to state a claim for infringement based on prosecution history disclaimer and estoppel arising from the patentee's actions, representations, and conduct before the U.S. Patent & Trademark Office during prosecution, *inter partes* review, and *ex parte* reexamination of the '843 patent.

## FOURTH AFFIRMATIVE DEFENSE
## Unclean Hands, Estoppel, Waiver, and/or Acquiescence

Plaintiff's claims of infringement and requested relief is barred, in whole or in part, by the doctrines of unclean hands, estoppel, waiver (express or implied), and/or acquiescence or other equitable doctrines arising from the patentee's actions, representations, or conduct.

**FIFTH AFFIRMATIVE DEFENSE – No Irreparable Harm**

Plaintiff is not entitled to the requested judgment of irreparable harm because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

**SIXTH AFFIRMATIVE DEFENSE – Patent Misuse**

Plaintiff's claims, on information and belief, are barred in whole or in part because it has committed acts of patent misuse, including engaging in objectively baseless litigation against Ulta by asserting patent claims it knows or should know are not and cannot be infringed by Ulta, and/or by asserting claims against Ulta that Plaintiff knows or shown know to be invalid.

**SEVENTH AFFIRMATIVE DEFENSE – Failure to Mark**

To the extent Plaintiff seeks damages for any alleged infringement prior to giving its actual notice of the '843 patent, its damages, if any, are limited by 35 U.S.C. §§ 286 and 287.

**EIGHTH AFFIRMATIVE DEFENSE – Prosecution History Estoppel**

Plaintiff is estopped from alleging the claims of the '843 patent are practiced Ulta (or that Ulta induces the practice of such claims) based on statements, representations, and admissions made (i) during the prosecution of the application that led to the '843 patent, (ii) in the specification of the '843 patent, (iii) during the *inter partes* review proceeding(s) involving the '843 patent, and (iv) during the *ex parte* reexamination of the '843 patent, because such statements, representations, and admissions preclude Plaintiff from asserting any interpretation of the claims of the '843 patent that would be broad enough to cover any of Ulta's products, services, or activities, either literally or under the doctrine of equivalents.

**NINTH AFFIRMATIVE DEFENSE – Damages for Alleged Indirect Infringement**

Plaintiff's alleged damages, if any, for alleged inducement are limited to any damages allegedly incurred after the filing of the Complaint.

### TENTH AFFIRMATIVE DEFENSE – Limitation on Fees and Costs Recovery

Plaintiff is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

### ELEVENTH AFFIRMATIVE DEFENSE – No Willful Infringement

Plaintiff is not entitled to seek enhanced damages or attorneys' fees for willful infringement because Ulta has not acted in an egregious manner or with willful misconduct.

### TWELFTH AFFIRMATIVE DEFENSE – Reservation of Other Defenses

Ulta has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated, affirmative defenses available and reserves the right to assert affirmative defenses that may be developed through discovery.

### COUNTERCLAIMS OF ULTA SALON, COSMETICS & FRAGRANCE, INC.

Counterclaimant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta") brings the following Counterclaims against Plaintiff/Counterclaim-Defendant Lennon Image Technologies, Inc. ("Lennon"), as state as follows:

1.      These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., based on an actual controversy between Counterclaim defendant and Lennon Image Technologies, LLC ("Lennon") as set forth below.

### THE PARTIES

2.      These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., based on an actual controversy between Counterclaim defendant and Lennon Image Technologies, LLC ("Lennon") as set forth below.

3.      Ulta is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1000 Remington Blvd., Ste. 120, Bolingbrook, Illinois  60440.

4.      Upon information and belief, Plaintiff/Counterclaim Defendant Lennon is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 1910 East Southeast Loop 323, #244, Tyler, Texas 75701.

5.      Lennon purports to own all rights, title, and interest in and to U.S. Patent No. 6,624,843 ("the '843 patent").

## JURISDICTION AND VENUE

6.      On August 4, 2020, Lennon filed a Complaint seeking, among other things, a judgment that Ulta Beauty, Inc., the parent company of Ulta Salon, Cosmetics & Fragrance, Inc., infringed one or more claims of the '843 patent, by owning, operating and/or directing the operation of what Lennon refers to as the Ulta GLAMlab App.  The GLAMlab App is owned by counterclaim Plaintiff Ulta Salon, Cosmetics & Fragrance, Inc.  An immediate and justiciable controversy thus exists between Ulta Cosmetics & Fragrance, Inc. and Lennon as to the alleged infringement of the '843 patent.

7.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8.      Personal jurisdiction is proper in this Court as to Lennon because, among other things, Lennon has subjected itself to the jurisdiction of this Court by virtue of its filing the Complaint.

9.      Venue in this District is appropriate over these counterclaims because Lennon has consented to the propriety of venue in this Court by filing its claims for patent infringement in this

Court, in response to which these counterclaims are asserted.  Lennon also indicated in its Complaint that it is located within this District.

### FIRST COUNTERCLAIM – Declaration of Non-Infringement

10.     Ulta realleges and incorporates by reference paragraphs 1-9 of these counterclaims.

11.     Ulta is not infringing, and has not infringed, either directly, indirectly, contributorily, or by inducement, any valid claim of the '843 patent, either literally or under the doctrine of equivalents.

12.     Lennon is precluded from asserting a claim scope that would cover any component, system, or method of the accused GLAMlab App in view of the claims and prosecution history (including the prosecution of the *ex parte* reexamination proceeding and *inter partes* review proceedings) of the '843 patent.

13.     For example, a request for *ex parte* reexamination was filed on September 15, 2012. The Patent Office granted the request on October 25, 2012.

14.     On September 3, 2014, Lennon amended the original claims and introduced new claims, including new claim 73, which recited "capturing the customer image comprises capturing the customer image with a personal communication device."  (Ex. 1, at 11).  On September 19, 2014, the Examiner issued a Final Office Action rejecting certain of the newly added claims, including claim 73.  (Ex. 2, at 10).  The Examiner explained that claim 73 failed to comply with the written description requirement.  (*Id*; *see also* Ex. 3, at 13).  The specification of the '843 patent references "a personal communication device" only once:

> In a fifth alternative business model, the customer's captured image can be stored in a personal communication device, such as a cell phone, personal digital assistant (PDA) or palmtop computer.

'843 patent, at column 10, lines 14-16.  But as the Examiner explained, this passage only discloses that the captured image can be store in (not captured by) the personal communication device:

> The [relevant section] only mentions storing the customer's image in a personal communication device, not capturing the customer image with a personal communication device.

(Ex. 3, at 13).  On January 16, 2015, Lennon filed a notice of appeal to the PTAB.

15.    On September 22, 2017, the PTAB affirmed the Examiner's rejections, and, with respect to claim 73 stated:

> We agree with the Examiner.  Patent Owner has not identified any disclosure that demonstrates that, at the time of the invention, the inventors of the '843 patent were in possession of image capture with a personal communication device, as claimed in claim 73.  As evidenced by claim 14 from which claim 73 depends, the 'storing' step is a separate and distinct step from the 'capturing' step.  We therefore sustain the Examiner's rejection of claim 73.

(Ex. 4, at 14-15).

16.    Lennon did not appeal and instead canceled claim 73, among others, (Ex. 5, at 9, 11), thereby disclaiming and surrendering capturing the image with a personal communication device.

17.    Lennon now accuses Ulta Beauty, Inc. of infringement based on the GLAMlab App and alleges, among other things, that the "Ulta GLAMlab App accesses a mobile device's camera, or similar input device, to capture a customer image."  Complaint, at ¶ 18.  This allegation includes subject matter Lennon surrendered during the reexamination proceeding.

18.    Ulta is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that the GLAMlab App does not, and has not, infringed, either directly, indirectly, contributorily, or by inducement, any valid claims of the '843 patent.

19.    This is an exceptional case entitling Ulta to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## SECOND COUNTERCLAIM – Declaration of Invalidity

20.     Ulta realleges and incorporates by reference paragraphs 1-19 of these counterclaims.

21.     Lennon contends and Ulta denies that the claims of the '843 patent are valid and enforceable.  A declaration of rights between the parties is, therefore, appropriate and necessary to establish that the '843 patent and the claims thereof are invalid under one or more of 35 U.S.C. §§ 101, 102, 102, and/or 112.

22.     For example and without limitation, Lennon has alleged that the '843 patent covers a system where transient retention of a customer image "on the user's iOS device…" permits the generation of a composite image.  (Complaint, at ¶¶ 19-21).  To the extent the claims of the '843 patent were of such breadth or otherwise, the claims are invalid in view of prior art, including, for example, the Maloomian reference made of record during prosecution.  Lennon, in fact, overcame Maloomian as prior art by specifically arguing that Maloomian only processes real time images of the customer, but does not store a customer image in a database.  Now, however, Lennon alleges that such prior art systems are within the scope of the claims of the '843 patent, rendering the claims invalid.

## RELIEF

WHEREFORE, Ulta respectfully requests that this Court enter judgment in its favor and enter an order granting the following relief:

A.  That each and every asserted claim of the '843 patent be declared not infringed by Ulta;

B.  That each and every asserted claim, including the underlying independent claims, of the '843 patent be declared invalid;

C.  That each and every claim of the '843 patent be declared unenforceable;

D.  That Ulta be awarded its costs incurred;

E.  That Ulta, pursuant to 35 U.S.C. § 285 and any and all other applicable statutes, rules, and common law, be awarded its reasonable attorneys' fees and that this case be deemed an exceptional case;

F.  That Lennon take nothing under the Complaint and that the Complaint be dismissed with prejudice and judgment be entered in favor of Ulta and against Lennon; and

G.  That Ulta be granted such other relief as the Court may deem appropriate and just under the circumstances.

## **JURY DEMAND**

Ulta hereby demands a trial by jury on all issues so triable.

Dated:  November 13, 2020          Respectfully submitted,

*/s/ Mark C. Nelson*
Mark C. Nelson
Texas Bar No. 00794361
Juanita DeLoach
Texas Bar No. 24064218
BARNES & THORNBURG LLP
2121 North Pearl Street, Ste. 700
Dallas, TX 75201
Telephone: (214) 258-4200
Fax: (214) 258-4199
E-mail: mark.nelson@btlaw.com
E-mail: juanita.deloach@btlaw.com

***Attorneys for Defendant Ulta Salon, Cosmetics & Fragrance, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of November, 2020, a true and correct copy of the foregoing document was served upon all counsel of record via e-mail, pursuant to the applicable rules.

<u>/s/ Mark C. Nelson</u>
Mark C. Nelson